IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
MARY JANE AUGUSTINE, an individual,)
on behalf of herself and all       )
others similarly situated,         )
                                   )    2:06-cv-2013-GEB-EFB
             Plaintiff,            )
                                   )
     v.                            )    ORDER*
                                   )
FIA CARD SERVICES, N.A., and DOES  )
1 through 10, inclusive,           )
                                   )
             Defendants.           )
_____)
```

Plaintiff moves for reconsideration under Federal Rules of Civil Procedure 59 and/or 60 of the dismissal of her Unfair Competition Law ("UCL") claim.[1] Defendant opposes this motion.

Plaintiff's Complaint alleged violations of California's Consumer Legal Remedies Act and the UCL. (Pl.'s First Am. Compl. at 1.) On January 12, 2007, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6). (Def.'s

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] All references to "Rules" are to the Federal Rules of Civil Procedure.

1

Mot. to Dismiss at 1.)  This motion was granted and judgment entered against Plaintiff on April 20, 2007.

I.  Standard

"Motions for reconsideration [under Rule 59] should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  Rule 60 allows a party to bring a motion for reconsideration when there is:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

"Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs." Bettencourt v. Terhune, 2007 WL 1101475, at *1 (E.D. Cal. April 12, 2007) (citing N.W. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988)).

II. Analysis

Plaintiff asserts reconsideration is appropriate because the dismissal decision, which was entered without Plaintiff being provided the benefit of oral argument, was erroneous and the issues presented have sufficient magnitude and importance to hundreds of thousands of

2

cardholders.  (Pl.'s Mot. at 1:11-14, 5:13-15.)  In her reconsideration motion, Plaintiff argues the Court's decision did "not analyze the extent to which Defendant's alleged conduct involves acts or practices that are unscrupulous, unconscionable, or contrary to public policy" and instead relied on <u>Evans v. Chase Manhattan Bank USA, N.A.</u>, 2006 WL 213740 (N.D. Cal. Jan. 27, 2006), which Plaintiff asserts was incorrectly decided and is inapposite, in determining that "Defendant's practice of retroactively increasing the interest rate charged to cardholders is not unconscionable."[2]  (Pl.'s Mot. at 1:18-24 (quoting the April 20, 2007 Order granting Defendant's motion to dismiss).)  However, Plaintiff has neither distinguished <u>Evans</u> nor shown that <u>Evans</u> was wrongly decided.

       Plaintiff also asserts the failure to grant oral argument is sufficient grounds for her motion for reconsideration.  (Pl.'s Mot. at 6:10-11.)  However, Plaintiff admits the "failure to grant oral argument is not reversible error absent prejudice."  (<u>Id.</u> at 5:18.)  Plaintiff asserts the requisite prejudice is present here, because her Complaint was dismissed.  (<u>Id.</u> at 6:1.)  The Ninth Circuit has held

---

[2] In her reply in support of her motion for reconsideration, Plaintiff also argues that the Court should reconsider its conclusion that "Plaintiff has not alleged facts sufficient to show her claim is not preempted since it seeks to change Defendant's terms of credit provided in Defendant's Cardholder Agreement" because "preemption does not arise here, [since] Plaintiff's UCL claim is based on the violation of the notice requirements of the federal Truth in Lending Act, which are borrowed by the UCL, and would be equally applicable under either Delaware or California law."  (Pl.'s Reply at 3:24-27 (quoting April 20, 2007 Order); 6:13-15.)  However, because this argument is made for the first time in Plaintiff's reply brief supporting her motion for reconsideration, and Plaintiff provides no explanation as to why the argument was not raised in Plaintiff's opposition to Defendant's motion to dismiss or in Plaintiff's motion for reconsideration, it will not be considered. <u>Bettencourt</u>, 2007 WL 1101475, at *1; <u>Stewart v. Wachowski</u>, 2004 WL 2980783, at *11 (C.D. Cal. Sept. 28, 2004) ("Courts decline to consider arguments that are raised for the first time in reply.").

1 failing to grant oral argument is only a reversible error when
2 Plaintiff can show prejudice resulting from that failure.  <u>Smith v.</u>
3 <u>Retirement Fund Trust of Plumbing, Heating & Piping Indus.</u>, 857 F.2d
4 587, 592 (9th Cir. 1988).  If mere dismissal of a case were sufficient
5 prejudice to warrant a motion for reconsideration, then every
6 dismissal granted without oral argument would be subject to a motion
7 for reconsideration.  Plaintiff's argument would render superfluous
8 the Ninth Circuit's ruling that the failure to grant oral argument is
9 grounds for reversal only when Plaintiff can show prejudice.
10 Therefore, dismissal of Plaintiff's case does not constitute the type
11 of prejudice contemplated by the Ninth Circuit as sufficient to
12 justify a motion for reconsideration.
13        Accordingly, Plaintiff's motion for reconsideration is
14 denied.
15        IT IS SO ORDERED.

Dated:  August 30, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

4